**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| JONATHAN MILLIGAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | No.   1:06-cv-1192-SEB-JMS |
| | ) | |
| CHRISTOPHER MELOY, Superintendent, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

In a prison disciplinary proceeding identified as No. IYC 06-04-0019, inmate Jonathan Milligan ("Milligan") was found guilty of possession or use of an unauthorized substance/failure to submit a urine sample. He was then sanctioned. Contending that the proceeding is tainted by constitutional error, Milligan seeks a writ of habeas corpus. Because the court finds, however, that there was both unexcused procedural default and that the challenged proceeding was free of constitutional error, Milligan's habeas petition must be **denied.** This conclusion rests on the following facts and circumstances:

1. Milligan is entitled to a writ of habeas corpus if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Indiana law, state prison inmates have a protected liberty interest in earned good-time credits and in credit-earning class, IND. CODE §§ 35-50-6-4, 35-50-6-5 (2000), and the state may not deprive inmates of good-time credits without following constitutionally adequate procedures to insure that the credits are not arbitrarily rescinded. *Meeks v. McBride,* 81 F.3d 717, 719 (7th Cir. 1996) (citing *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974)).

   a. In these circumstances, Milligan was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision-maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

  b. Also, Indiana prisoners must pursue their available administrative remedies before filing a habeas petition. *Eads v. Hanks,* 280 F.3d 728, 729 (7th Cir. 2002); *Markham v. Clark,* 978 F.2d 993, 995 (7th Cir. 1992). The failure to do so, whether pertaining to the remedy as a whole or to the inclusion in an administrative appeal each claim which is later asserted in a federal habeas petition, constitutes a procedural default. Milligan could overcome procedural default through a showing of cause and prejudice or that a fundamental miscarriage of justice would result if the merits of his claim are not reached. *Aliwoli v. Gilmore,* 127 F.3d 632, 634 (7th Cir. 1997) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

  2. The expanded record in this action shows that when Milligan presented his administrative appeal within the Indiana Department of Correction he did not include any of the claims asserted in the habeas petition. This constitutes a procedural default. Milligan has not shown the existence of cause for and prejudice from this default. He likewise has not shown that a fundamental miscarriage of justice would result if the merits of his claim are not reached.

  3. Under *Wolff* and *Hill,* Milligan received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Milligan was given the opportunity to appear before the conduct board and make a statement concerning the charge, (2) the conduct board issued a sufficient statement of its findings, and (3) the conduct board issued a written reason for its decision and for the sanctions imposed. The evidence favorable to the decision of the conduct board is that during the morning of April 5, 2006, Officer Roache observed Milligan smoking. Milligan was ordered to surrender the substance he was smoking, but instead of complying he refused and flushed it down a toilet. During a search of Milligan's bed area, Officer Roache found a clear plastic baggie containing a substance which appeared to be marijuana. The substance was subjected to a drug test and determined to be marijuana, a controlled substance. This evidence was sufficient to support the inference that Milligan was in possession of the contraband.

  4. "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Milligan to the relief he seeks. Milligan's contentions that he was denied the protections afforded by *Wolff* and *Hill* are either procedurally defaulted by not having been included in his administrative appeals, refuted by the expanded record, or based on assertions which do not entitle him to relief. Accordingly, his petition for a writ of habeas corpus must be **denied,** the respondent's motion to dismiss is **granted,** and the action is dismissed. Judgment consistent with this Entry shall now issue.

  **IT IS SO ORDERED.**

Date: 04/24/2007

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana